UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JACQUES H. TELCY,

        Petitioner,               Case No. 1:20-cv-28

v.                                    Honorable Paul L. Maloney

D. EMERSON,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. Upon initial review, the Court concludes that Petitioner's application challenges the validity of his conviction and sentence, rather than the execution of his sentence. The Court also concludes that Petitioner is not entitled to bring his § 2241 petition under the savings clause of § 2255(e). As a consequence, the Court will dismiss the petition.

## Discussion

**I.    Factual allegations**

Petitioner Jacques H. Telcy is incarcerated at the North Lake Correctional Institution in Baldwin, Michigan. Following a jury trial in the United States District Court for the Southern District of Florida, Petitioner was convicted of four counts: (1) possession with intent to distribute 50 grams or more of cocaine base ("crack" cocaine), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); (2) possession with intent to distribute 500 grams or more of a mixture and substance containing a detectible amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); (3) use and carrying of a firearm during and in relation to a drug trafficking

crime, in violation 18 U.S.C. § 924(c)(1)(A); and (4) knowingly possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment of at least one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (felon-in-possession). *See United States v. Telcy*, No. 0:08-cr-60207-WPD-1 (S.D. Fla.) (ECF Nos. 44, 80). On February 17, 2009, the court sentenced Petitioner to prison terms of life imprisonment on Count 1, 235-months' imprisonment on Counts 2 and 4, and 60 months' imprisonment on Count 3. *See id.* (ECF No. 97). Counts 1, 2, and 4 were to run concurrently to each other and consecutive to Count 3.

Petitioner appealed his convictions and sentences to the Eleventh Circuit. *See id.* (ECF No. 98). The Eleventh Circuit affirmed the convictions and sentences. *See United States v. Telcy*, 362 F. App'x 83 (11th Cir. 2010). Petitioner did not seek further review by the Supreme Court.

Petitioner has been an active litigant attempting to collaterally attack his convictions. On October 12, 2010, Petitioner filed a motion in the Southern District of Florida to correct or vacate his sentence under 28 U.S.C. § 2255. *See United States v. Telcy*, No. 0:08-cr-60207-WPD-1 (S.D. Fla.) (ECF No. 126). In his motion, Petitioner argued his trial counsel was ineffective on four grounds: (1) for failing to move for dismissal on speedy trial grounds; (2) for failing to argue that the specific drug statutes Petitioner was convicted under were unconstitutional due to the racially disparate impact; (3) for failing to sufficiently investigate Petitioner's prior offenses used to enhance the sentence; and (4) for failing to ensure the district court followed proper sentencing procedures. *Telcy v. United States*, No. 0:10-cv-61934-WPD (S.D. Fla.) (ECF No. 1). In an eight-page final judgment and order issued on October 14, 2010, the district court denied Petitioner's motion. *See id.* (ECF No. 5). Petitioner filed a motion for a certificate of appealability on January 3, 2011 with the Eleventh Circuit, which was denied on May 26, 2011.

*See Telcy v. United States*, No. 11-10137 (11th Cir.). On August 22, 2011, Petitioner filed a motion for reconsideration, which was denied as untimely. Petitioner subsequently filed another motion for reconsideration, which was returned unfiled as successive.

On September 30, 2013, Petitioner filed an application for leave to file a second or successive motion to vacate or correct his sentence under § 2255. *See In re Telcy*, No. 13-14460 (11th Cir.). The Eleventh Circuit denied the application on October 16, 2013. *Id.*

Petitioner filed a petition under 28 U.S.C. § 2241 with the United States District Court for the Central District of Florida on September 23, 2015. *See Telcy v. Warden, FCC Coleman – USP II*, No. 5:15-cv-487 (C.D. Fla.) (ECF No. 1). On April 20, 2018, the district court dismissed the petition for lack of jurisdiction. *Id.* (ECF Nos. 15, 16).

While the above § 2241 petition was pending, Petitioner filed another application with the Eleventh Circuit on April 1, 2016, for leave to file a second or successive motion to vacate or correct his sentence under § 2255. *See In re Telcy*, No. 16-11461 (11th Cir.). The Eleventh Circuit denied the application on April 27, 2016. *See id.*

Approximately three years later, on April 29, 2019, Petitioner applied for leave to file a second or successive motion under § 2255. *See In re Telcy*, No. 19-11619 (11th Cir.). The Eleventh Circuit again denied Petitioner's application on May 29, 2019. *See id.*

Petitioner filed a § 2255 motion in the United States District Court for the District of Southern Florida on July 11, 2019. *See Telcy v. United States*, No. 0:19-cv-61715-WPD (S.D. Fla.) (ECF No. 1). Several months earlier, in February 2019, the district court had resentenced Petitioner on Count 1, pursuant to the First Step Act, down from life imprisonment to 235 months. *See id.* (ECF No. 5). Although the Eleventh Circuit had already denied Petitioner's application to file a successive § 2255 motion in May 2019 as discussed above, Petitioner contended that the

3

February 2019 resentencing obviated that requirement. The district court rejected Petitioner's argument, and, consequently, the district court dismissed the petition for lack of jurisdiction. *Id.* (ECF No. 5). Petitioner moved to amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, *id.* (ECF No. 7), which the district court denied, *id.* (ECF No. 8). Apparently, Petitioner filed two notices of appeal. In the first, the Eleventh Circuit dismissed the case for want of prosecution on October 8, 2019, after Petitioner failed to pay the filing fees. *See id.* (ECF No. 12); *see also Telcy v. United States*, No. 19-13028 (11th Cir.). Apparently, the Eleventh Circuit permitted Petitioner's second appeal to move forward, which is currently pending in that court. *See Telcy v. United States*, No. 19-13029 (11th Cir.).

On January 8, 2020, Petitioner filed the instant § 2241 habeas corpus petition with this Court. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on January 8, 2020. (Pet., ECF No. 1, PageID.8.) The petition was received by the Court on January 13, 2020. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises one ground for relief, as follows:

I. Petitioner is actually innocent of the conviction under 18 U.S.C. § 922(g)(1) and § 924(a)(2), stands convicted of an act that the law does not make criminal, which is constitutionally invalid.

(Pet., ECF No. 1, PageID.6.)

4

## II.     Discussion

Ordinarily, a federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255 but may challenge the manner or execution of his sentence under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). However, a prisoner may also challenge the legality of his detention under § 2241 if he falls within the "savings clause" of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added); *Peterman*, 249 F.3d at 461. Thus, through the § 2255 "savings clause" vehicle, a petitioner may seek habeas relief under § 2241 where he can show that § 2255 provides an "inadequate or ineffective" means for challenging the legality of his detention.

The Sixth Circuit repeatedly has held that "'[t]he circumstances in which § 2255 is inadequate and ineffective are narrow.'" *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461). As the court explained in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758 (citations omitted). Section 2255 "is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion.'" *Hill*, 836 F.3d at 594. Instead, the savings clause applies only where the petitioner also demonstrates "actual innocence," *Peterman*, 249 F.3d at 461-62; *Charles*, 180 F.3d at 757, or "'a subsequent, retroactive change in statutory interpretation by the Supreme Court,'" *Hueso v. Barnhart*, __ F.3d __, 2020 WL 104612, at *6 (6th Cir. 2020) (quoting *Hill*, 836 F.3d at 599-600).

5

The standard for demonstrating actual innocence, either directly or due to the Supreme Court's interpretation of a statute, is exceedingly high and "ensures that [a] petitioner's case is truly 'extraordinary . . . .'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). "'To establish actual innocence'" for the purposes of § 2255(e), a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Yet, as both the Supreme Court and Sixth Circuit have made clear, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *accord Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

The Sixth Circuit has recognized two types of statutory interpretation cases that trigger § 2255's savings clause. The first—where the Supreme Court has interpreted a statute to narrow the range of conduct the statute prohibits—requires that a petitioner demonstrate "actual innocence" under the new interpretation of the statute. *See Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012); *Peterman*, 249 F.3d at 462; *see also Hueso,* 2020 WL 104612, at *3 ("[A] new interpretation that limited a statute's scope could show that a prisoner was innocent of the offense under the statute's narrowed reach.") (citing *Bousley*, 523 U.S. at 623-24). A petitioner who asserts factual innocence due to a change of law must demonstrate four conditions:

> (1) the existence of a new interpretation of statutory law, (2) issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) that is retroactive, and (4) applies to the petition's merits such that it is more likely than not that no reasonable juror would have convicted the petitioner.

*Phillips v. United States*, 734 F.3d 573, 582 (6th Cir. 2013) (citing *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012)) (internal quotation marks omitted). The Sixth Circuit has further determined that the novel interpretation of the statute must have been made by the Supreme Court.

6

*See Hueso*, 2020 WL 104612, at *8. In short, the court reviewing a claim of "actual innocence" asks: "does the petitioner stand convicted of conduct the law does not make criminal, either because of credible evidentiary proof that he did not commit the crime or because the law has rendered his conduct not criminal[?]" *Phillips*, 734 F.3d at 582 n.9. To reach its decision, a reviewing court is not bound by the evidence adduced at trial or rules governing the admissibility of evidence. *See Schlup*, 513 U.S. at 327-28.

In contrast, the second variety of statutory interpretation cases does not require a petitioner to establish actual innocence, but instead that his sentence had been *mandatorily enhanced* for reasons now excluded by the subsequent interpretation. *Hueso*, 2020 WL 104612, at *6; *Hill*, 836 F.3d 599-600. Under *Hill*, the Sixth Circuit determined a petitioner could proceed with a § 2241 motion pursuant to § 2255's saving clause only where a petitioner: (1) was "sentenced under the mandatory guidelines regime" prior to *United States v. Booker*, 543 U.S. 220 (2005); (2) is "foreclosed from filing a successive petition under § 2255"; and (3) received an enhanced sentence but "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that [petitioner's] previous conviction is not a predicate offense for a career-offender enhancement." *Hill*, 836 F.3d at 599-600. In the time since *Hill*, the Sixth Circuit has confronted whether several other categories of sentence enhancement cases could satisfy the first *Hill* prong. The Sixth Circuit has clearly held that a petitioner sentenced under the post-*Booker* advisory sentencing guidelines cannot succeed on collateral attack against an alleged misapplication of the guidelines. *See Bullard v. United States*, 937 F.3d 654, 659 (6th Cir. 2019). However, in its recent *Hueso* opinion, the Sixth Circuit expressly left open a question of whether a petitioner can properly bring a "challenge to a mandatory-minimum enhancement" on collateral attack. *See Hueso*, 2020 WL 104612, at *5.

In his instant petition, Petitioner challenges the constitutionality of his conviction and thereby the legality of his detention on that conviction. Such a challenge is appropriately brought under § 2255 rather than § 2241, unless the former is inadequate or ineffective. As discussed above, Petitioner has filed a series of motions under § 2255 in the Southern District of Florida as well as applications for leave to file second or successive motions. Each of Petitioner's challenges has been carefully considered. Indeed, an appeal of one of Petitioner's § 2255 motions remains pending in the Eleventh Circuit. Consequently, his motion is barred unless he demonstrates that § 2255 is inadequate or ineffective because he is actually innocent—either under the statute as it was understood at the time of conviction or upon the Supreme Court's subsequent interpretation—or his sentence has been mandatorily enhanced for reasons the Supreme Court has subsequently determined a sentencing statute excludes.

Petitioner alleges that the Supreme Court announced a new, retroactive rule, and he asserts that he is actually innocent on Count 4, of being a felon-in-possession. (*See, e.g.*, Pet'r's Br., ECF No. 2, PageID.14, 22.) Thus, he seeks to trigger § 2255's saving clause through the "actual innocence" type of subsequent statutory interpretation attack described in *Phillips* and *Wooten*. However, the crux of his argument fails to demonstrate "actual innocence" as required in the fourth *Wooten* prong. Instead, Petitioner argues that, following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Government did not *prove* at trial that Petitioner "knew he belonged to the relevant category of persons barred from possessing a firearm." *See id.* at 2200. For instance, Petitioner contends that "his §922(g)(1) conviction under count four is constitutionally invalid in light of *Rehaif* because the government failed to prove every element beyond a reasonable doubt . . . . As a result of . . . , [Petitioner] argues that under *Rehaif* he is now [actual innocent] [sic] of his conviction." (Pet'r's Br., ECF No. 2, PageID.22.)

8

Petitioner offers nothing to support a claim that he did not know he had been convicted of a crime punishable by imprisonment for a term exceeding one year, not even a mere allegation. Clearly, Petitioner alleges legal insufficiency, not that he is actually innocent as § 2255's savings clause requires. *See Bousley*, 523 U.S. at 623-24; *Wooten*, 677 F.3d at 307-08. Thus, Petitioner falls far short of demonstrating "that it is more likely than not that no reasonable juror would have convicted the petitioner." *See Wooten*, 677 F.3d at 307-08. Accordingly, Petitioner may not challenge his conviction in this § 2241 proceeding.

## III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated: February 12, 2020          /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  United States District Judge